IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND,** by and through its Board of Trustees as administered by the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers<br>620 F Street, N.W.<br>Washington, D.C. 20004, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | )<br>) |
| **CROWE CONSTRUCTION INC**<br>1985 Echo Road<br>Stow, Ohio 44224 | )<br>)<br>)<br>) |
| **Defendant.** | )<br>) |

**COMPLAINT**

**(TO COLLECT CONTRIBUTIONS AND OTHER AMOUNTS DUE TO EMPLOYEE BENEFIT FUND AND FOR OTHER EQUITABLE RELIEF)**

Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the following:

**PARTIES**

1. Plaintiff, Bricklayers & Trowel Trades International Pension Fund ("International Pension Fund") is an employee pension benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1). The International Pension Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The International Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust. The International Pension Fund is administered at 620 F Street, N.W.,

in Washington D.C. The members of the Board of Trustees of the International Pension Fund are fiduciaries as provided in the International Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Trustees bring this action for the benefit of the beneficiaries of the International Pension Fund.

2. As stated in the "Collection Procedures of the Central Collection Unit of the Bricklayers and Allied Craftworkers" the IPF is authorized to effect collections on behalf of the Bricklayers and Allied Craftworkers International Health Fund ("IHF").

3. Defendant Crowe Construction Inc is an Ohio corporation with an address of 1985 Echo Road, in Stow, Ohio 44224, and at all times relevant to this action has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12).

## JURISDICTION AND VENUE

4. This is an action to collect contributions and other amounts due to an employee pension benefit plan under the terms of a collective bargaining agreement and trust agreement and for appropriate equitable relief. This Court has subject matter jurisdiction under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145, under §§ 301(a) and (c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and (c), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over the Defendant pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2).

6. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

**FACTS**

7. Defendant Crowe Construction Inc has been bound and signatory at all relevant times to collective bargaining agreements with International Union of Bricklayers and Allied Craftworkers Local Union No. 5 Ohio and International Union of Bricklayers and Allied Craftworkers Local Union No. 7 Ohio ("Collective Bargaining Agreements"), that govern the wages, benefits and terms and conditions of employment of certain employees performing work for the Defendant.

8. Pursuant to the Collective Bargaining Agreements the Defendant agreed to pay certain sums of money to the International Pension Fund for certain hours worked by employees of the Defendant performing work covered by the Collective Bargaining Agreements.

9. During the months of June 2018 through the present, the Defendant has performed work covered by the Collective Bargaining Agreements.

10. During various months within the period June 2018 through February 2021, the Defendant has reported, but failed to pay, contributions to the Plaintiff as required by the Collective Bargaining Agreements and the Plaintiff's Restated Agreement and Declaration of Trust.

11. During various months within the period July 2020 through the present, the Defendant has failed to report and pay all amounts owing to the Plaintiff as required by the Collective Bargaining Agreements and the Plaintiff's Restated Agreement and Declaration of Trust.

12. During various months within the period May 2019 through May 2021, the Defendant paid contributions for work performed under the Collective Bargaining Agreements after the due date.

13. Pursuant to the International Pension Fund's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), an employer who fails to pay required contributions on time is liable for interest at the rate of 15% per annum from the due date of each monthly payment.

14. Pursuant to the International Pension Fund's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), an employer who fails to pay required contributions on time also is liable for an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum from the due date, or liquidated damages in the amount of 20% of the total contributions owed.

15. Pursuant to the International Pension Fund's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), an employer who fails to pay required contributions is liable for all attorneys' fees, and costs for collection.

## COUNT I

### (REPORTED AND UNPAID CONTRIBUTIONS AND OTHER AMOUNTS OWED TO EMPLOYEE BENEFIT FUND)

16. The Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 15 as if fully set forth in this Count I.

17. During the months June 2018, July 2018, June 2019, July 2019, August 2019, September 2019, October 2019, May 2020, and June 2020, the Defendant reported, but failed to pay, contributions owing to the Plaintiff for work it performed within the jurisdiction of Local 7 Ohio, cover group 1, which is covered by the Collective Bargaining Agreements, in the amount of $3,609.91. In addition, Defendant has failed to pay interest owed on this amount at the rate of 15% per annum from the date due the monthly payment, and in addition it has failed to pay an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum from the date due of each monthly payment, or liquidated damages calculated at the rate of 20% of the total contributions owed.

18. During the months April 2020, May 2020, June 2020, and October 2020 through February 2021, the Defendant reported, but failed to pay, contributions owing to the Plaintiff for work it performed within the jurisdiction of Local 5 Ohio, cover group 1, which is covered by the Collective Bargaining Agreements, in the amount of $7,365.40. In addition, Defendant has failed to pay interest owed on this amount at the rate of 15% per annum from the date due the monthly payment, and in addition it has failed to pay an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum from the date due of each monthly payment, or liquidated damages calculated at the rate of 20% of the total contributions owed.

19. By virtue of the failure to pay all amounts as contractually required, the Defendant is in contravention of the Collective Bargaining Agreements and the obligations under the Plaintiff's Restated Agreement and Declaration of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and Section 515 of ERISA.

20. The Plaintiff is entitled to judgment against the Defendant for all contributions owed, plus interest owed on unpaid contributions at the rate of 15% per annum from the date due of each monthly payment, plus an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of 15% per annum from the date due of each monthly payment, or liquidated damages in the amount of 20% of the total contributions owed, plus attorneys' fees and costs.

## COUNT II

### (UNREPORTED AND UNPAID CONTRIBUTIONS AND OTHER AMOUNTS OWED TO EMPLOYEE BENEFIT FUND)

21. The Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 20 as if fully set forth in this Count II.

22. Because the Defendant has failed to comply with its contractual duty to submit reports and contributions, the Plaintiff cannot determine the exact amount of contributions due to the International Pension Fund by the Defendant for covered work performed in the jurisdiction of Local 7 Ohio, cover group 1, during the periods July 2020 through July 2021 and September 2021 through the present.

23. The Plaintiff is entitled to judgment against the Defendant for all contributions owed, plus interest owed on unpaid contributions at the rate of 15%, plus an amount equal to the greater of an additional calculation of interest on the unpaid contributions at the rate of

15% per annum, or liquidated damages in the amount of 20% of the total contributions owed, plus attorneys' fees and costs.

24. The Plaintiff will also seek a judgment in this action against the Defendant for all contributions, interest, liquidated damages, and attorneys' fees and costs which are reported due pursuant to remittance reports, are estimated to be due, or are otherwise determined as being due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

## COUNT III

### (AMOUNTS OWED FOR LATE CONTRIBUTION PAYMENTS)

25. The Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 24 as if fully set forth in this Count III.

26. The Defendant paid the contributions owed for work performed under the Collective Bargaining Agreements in the jurisdiction of Local 5 Ohio, cover group 1, during the periods May 2019 through August 2019, July 2020 through September 2020, and March 2021 through September 2021, after the due date.

27. The Defendant paid the contributions owed for work performed under the Collective Bargaining Agreements in the jurisdiction of Local 7 Ohio, cover group 1, during the months of June 2019 through August 2019, after the due date.

28. Pursuant to the Plaintiff's Restated Agreements and Declarations of Trust and the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, the Plaintiff is entitled to assess employers that fail to submit required monthly fringe benefit contributions by the due date for such payments with interest at the rate of 15% per annum from the due date of each monthly payment, and

in addition an amount equal to the greater of an additional calculation of interest on the late paid contributions at the rate of 15% per annum, or liquidated damages in the amount of 20% of the total late paid contributions.

29. The Defendant failed to submit its contributions for work performed under the Collective Bargaining Agreements in the jurisdiction of Local 5 Ohio, cover group 1, during the periods May 2019 through August 2019, July 2020 through September 2020, and March 2021 through September 2021, after the due date for such payments.  The Defendant therefore owes, and has failed to pay to the Plaintiff, the interest plus the greater of additional interest or liquidated damages owed as a result of these late payments.

30. The Defendant failed to submit its contributions for work performed under the Collective Bargaining Agreements in the jurisdiction of Local 7 Ohio, cover group 1, during the months of June 2019 through August 2019 by the due date for such payments. The Defendant therefore owes, and has failed to pay to the Plaintiff, the interest plus the greater of additional interest or liquidated damages owed as a result of these late payments.

31. The Plaintiff is entitled to judgment against the Defendant for liquidated damages on the late paid contributions in the amount of $4,459.79 ($3,603.17 for Local 5 Ohio, cover group 1 + $856.62 for Local 7 Ohio, cover group 1) calculated at the rate of 20% of the late paid contributions), plus interest to be calculated at the rate of 15% per annum from the due date of each payment.

**WHEREFORE,** the Plaintiff prays judgment on Counts I, II, and III as follows:

A. For a Court Order requiring the Defendant to submit all outstanding remittance reports and contributions for work performed in the jurisdiction of Local 7 Ohio,

cover group 1, during the periods July 2020 through July 2021, and September 2021 through the date of judgment.

  B. For unpaid contributions due and owing to the Plaintiff for work performed in the jurisdiction of Local 7 Ohio, cover group 1, during the period June 2018, July 2018, June 2019, July 2019, August 2019, September 2019, October 2019, May 2020, and June 2020, in the amount of $3,609.91, plus interest from the due date of each unpaid monthly contribution payment through the date of judgment, plus an amount equal to the greater of an additional calculation of interest on each unpaid monthly contribution payment from the due date of each monthly payment through the date of judgment, or liquidated damages in the amount of 20% of the total unpaid contributions owed, as provided for in the Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and pursuant to 29 U.S.C. § 1132(g)(2).

  C. For unpaid contributions due and owing to the Plaintiff for work performed in the jurisdiction of Local 5 Ohio, cover group 1, during the period April 2020, May 2020, June 2020, and October 2020 through February 2021, in the amount of $7,365.40, plus interest from the due date of each unpaid monthly contribution payment through the date of judgment, plus an amount equal to the greater of an additional calculation of interest on each unpaid monthly contribution payment from the due date of each monthly payment through the date of judgment, or liquidated damages in the amount of 20% of the total unpaid contributions owed, as provided for in the Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and pursuant to 29 U.S.C. § 1132(g)(2).

D.     For $3,603.17 in liquidated damages (calculated at the rate of 20% of the delinquent contributions) for late paid contributions owed for work performed in the jurisdiction of Local 5 Ohio, cover group 1, during the months of May 2019 through August 2019, July 2020 through September 2020, and March 2021 through May 2021, plus interest to be calculated at the rate of 15% per annum from the due date of each payment, as provided for in the Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and pursuant to 29 U.S.C. § 1132(g)(2).

E.     For $856.62 in liquidated damages (calculated at the rate of 20% of the delinquent contributions) for late paid contributions owed for work performed in the jurisdiction of Local 7 Ohio, cover group 1, during the months of June 2019 through August 2019, plus interest to be calculated at the rate of 15% per annum from the due date of each payment, as provided for in the Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and pursuant to 29 U.S.C. § 1132(g)(2).

F.     Costs and reasonable attorneys' fees for collection as required by the Collective Bargaining Agreements, the Plaintiff's Restated Agreements and Declarations of Trust, the General Collection Procedures of the Central Collection Unit of the International Union of Bricklayers and Allied Craftworkers, and 29 U.S.C. § 1132(g)(2), up to the date of judgment.

G.     For such contributions, interest, liquidated damages, and reasonable attorneys' fees and costs that may accrue and/or are estimated to be due, or are otherwise determined as

being due, subsequent to the filing of this action, during the pendency of this action, and up to the date of judgment.

      H.      Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated: January 7, 2022

**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W., Suite 800
Washington, D.C. 20015
Telephone: (202) 362-0041
Facsimile: (202) 237-1200
cgilligan@odonoghuelaw.com

By: /s/ Charles W. Gilligan
Charles W. Gilligan (Bar No. 394710)
*Attorney for the Plaintiff*

836214_1

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing Complaint to be served by certified mail in accordance with the requirements of Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 7th day of January 2022, on the following:

>The Office of Division Counsel
>Associate Chief Counsel (TE/GE) CC:TEGE
>Room 4300
>1111 Constitution Avenue
>Washington, DC  20224
>
>Secretary of Labor
>200 Constitution Ave., N.W.
>Washington, DC  20210
>
>Attention:  Assistant Solicitor for
>            Plan Benefits Security

/s/ Charles W. Gilligan
Charles W. Gilligan

836214_1