UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND,<br><br>　Plaintiff<br><br>　v.<br><br>CROWE CONSTRUCTION INC.,<br><br>　Defendant | Civil Action No. 22-47 (CKK) |

**ORDER**
(June 17, 2022)

Plaintiff filed the Complaint in this action on January 7, 2022. *See* Compl., ECF No. 1. On March 8, 2022, the Court issued a [4] Rule 4(m) Order, observing that Plaintiff had not yet filed proof of service. The Court directed that by no later than April 7, 2022, Plaintiff must "either cause process to be served upon Defendant and proof of service to be filed with the Court or establish good cause for failure to do so." Rule 4(m) Order, ECF No. 4.

On April 7, 2022, Plaintiff filed a [5] Motion to Extend Time for Service, in which Plaintiff sought a 60-day extension of time to perfect service on Defendant. Finding that Plaintiff had demonstrated "good cause" and had "diligently attempted" to effectuate service of process, the Court granted Plaintiff's requested extension until June 6, 2022. Order, ECF No. 6.

On June 6, 2022, Plaintiff filed a document entitled "Affidavit of Service," in which Plaintiff states that service of process had been completed pursuant to Federal Rule of Civil Procedure 4(h)(1) and 4(e)(1). For the following reasons, the Court is not satisfied that service has been completed or that adequate proof of service has been filed.

Rule 4(h)(1) provides that a "domestic . . . corporation, or a partnership or other unincorporated association" can be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1), in turn, permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state . . . where service is made." Fed. R. Civ. P. 4(e)(1). Plaintiff indicates that it has followed "the applicable law for servings a summons on an Ohio corporation in an action brought in the courts of general jurisdiction in the State of Ohio," namely Ohio Rev. Code §§ 1701.07(A), 1701.07(H). Aff. of Service ¶ 2.

1

Section 1707.07(A) of the Ohio Code requires "[e]very corporation [to] have and maintain an agent, sometimes referred to as the 'statutory agent,' upon whom any process, notice, or demand required or permitted by statute to be served upon a corporation may be served."  Ohio Rev. Code § 1701.07(A).  Plaintiff indicates that "Defendant has failed to maintain a register or statutory agent in the state of Ohio."  Aff. of Service ¶ 3.  Plaintiff, therefore, relies on Ohio Rev. Code § 1701.07(H), which provides:

> If . . . the corporation has failed to maintain an agent as required by this section, and if in any such case the party desiring that the process, notice, or demand be served, or the agent or representative of the party, shall have filed with the secretary of state an affidavit stating that one of the foregoing conditions exists and stating the most recent address of the corporation that the party after diligent search has been able to ascertain, then service of process, notice, or demand upon the secretary of state, as the agent of the corporation, may be initiated by delivering to the secretary of state or at the secretary of state's office quadruplicate copies of such process, notice, or demand and by paying to the secretary of state a fee of five dollars. *The secretary of state shall forthwith give notice of the delivery to the corporation at its principal office as shown upon the record in the secretary of state's office and at any different address shown on its last franchise tax report filed in this state, or to the corporation at any different address set forth in the above mentioned affidavit, and shall forward to the corporation at said addresses, by certified mail, with request for return receipt, a copy of the process, notice, or demand; and thereupon service upon the corporation shall be deemed to have been made.*

Ohio Rev. Code § 1701.07(H) (emphasis added).  Plaintiff indicates that it sent the "required documents and payment . . . via tracked, overnight mail on May 9, 2022" to the secretary of state and that its package was "received and processed by the Ohio Secretary of State Paralegal Division on May 10, 2022."  Aff. of Service ¶ 4.  Plaintiff has attached a UPS tracking confirmation, which indicates that its materials were "received" at the "Mail Room" of an unspecified address in Columbus, Ohio on May 10, 2022.  This document does not (as Plaintiff suggests) indicate that its service documents were "processed."

Moreover, Plaintiff does not provide any indication that any "notice" has been provided to Defendant by the Ohio secretary of state.  The latter half of § 1701.07(H) (the Italicized portion above) requires the secretary of state to "give notice of the delivery" of service and to "forward to the corporation . . . by certified mail, with request for return receipt, a copy of the process, notice, or demand."  § 1701.07(H).  Only "*thereupon*"—that is, after the secretary of state has completed these steps—"service upon the corporation shall be deemed to have been made."  *Id.* (emphasis added).  There is no indication in the

record that these requirements have been satisfied.  Accordingly, under Ohio law, it is not clear that service can be "deemed to have been made." *Id.*

Finally, although Plaintiff's notice of service is entitled "Affidavit of Service," this document is not an affidavit.  Rule 4(*l*) requires that proof of service "must be by server's *affidavit*." Fed. R. Civ. P. 4(*l*)(1) (emphasis added).  However, "[f]ailure to prove service does not affect the validity of service." Fed. R. Civ. P. 4(*l*)(3).

Pursuant to its authority under Rule 4(m) and based upon Plaintiff's diligent attempts to effectuate service of process, the Court **ORDERS** that by no later than **JULY 15, 2022**, Plaintiff must either cause process to be served upon Defendant and proof of service to be filed with the Court or establish good cause for the failure to do so.  Failure to make such filings will result in dismissal of this case.

**SO ORDERED.**

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge