UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRICKLAYERS & TROWEL TRADES
INTERNATIONAL PENSION FUND,
    Plaintiff,

    v.

CROWE CONSTRUCTION INC.,
    Defendant.

Civil Action No. 22-0047 (CKK)

**MEMORANDUM OPINION**
(July 18, 2023)

Plaintiff Bricklayers & Trowel Trades International Pension Fund ("IPF" or "Plaintiff") filed a [1] Complaint against Defendant Crowe Construction Inc. ("Crowe" or "Defendant"), alleging that Defendant failed to submit monthly remittance reports and pay monthly benefit contributions to Plaintiff as prescribed by the Collective Bargaining Agreements and IPF's Restated Agreement and Declaration of Trust. Although Defendant was properly served, Defendant failed to respond to the Complaint in a timely manner. Accordingly, Plaintiff filed a [11] Motion for Entry of Default and the Clerk entered [12] Default against Defendant on August 12, 2022. Now pending before the Court is Plaintiff's [15] Motion for Default Judgment ("Mot. for Default J."). Upon consideration of Plaintiff's submissions, the attachments thereto,[1] the

---

[1] The Court's consideration has focused on the following documents:
- Plaintiff's Complaint, ECF No. 1 ("Compl.");
- Plaintiff's Motion for Entry of Default, ECF No. 11 ("Mot. for Entry of Default");
- Plaintiff's Motion for Default Judgment, ECF No. 15 ("Mot. for Default J.");
- Declaration of David F. Stupar, ECF No. 15-3 ("Stupar Decl.");
- Declaration of Attorney's Fees and Legal Costs, ECF No. 15-3 ("Decl. of Attorney's Fees).

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

relevant legal authorities, and the record as a whole, the Court shall **GRANT** Plaintiff's Motion for Default Judgment.

## I. BACKGROUND

Plaintiff provides retirement and related benefits to individuals working in the construction industry as bricklayers and related tradespersons; it is organized under the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1022(1). Compl. ¶ 1; Mot. for Default J. at 3. The benefits that IPF provides are financed by contributions from employers who are parties to collective bargaining agreements with the International Union of Bricklayers and Allied Craftworkers ("BAC") and its local unions. Mot. for Default J. at 3 (citing Stupar Decl. ¶ 3). One such employer is Defendant Crowe Construction Inc., a contractor or subcontractor in the construction industry. *Id*. A series of agreements, collectively known as the Collective Bargaining Agreements, govern Crowe's responsibility to submit monthly remittance reports and pay monthly benefit contributions to IPF for each hour of covered work its employees perform within the geographic jurisdictions of BAC Local Union No. 5 Ohio ("Local 5, Ohio") and BAC Local Union No. 7 Ohio ("Local 7, Ohio"). Stupar Decl. ¶¶ 7–8; Mot. for Default J. at 4.

The Collective Bargaining Agreements incorporate the Amended Restated Agreement and Declaration of Trust ("Trust Agreement"), which is one of several documents that governs IPF. Compl. ¶ 1; Stupar Decl. ¶ 2. Pursuant to the Trust Agreement, the Trustees of IPF have adopted the General Collection Procedures for the Central Collection Unit of the Bricklayers and Allied Craftworkers ("Collection Procedures") to govern the collection of employer contributions and reports. Stupar Decl. ¶ 4. Per the Trust Agreement, the Collection Procedures, and ERISA, if Defendant fails to make these contributions by the fifteenth day of the month following the work

month, then it is required to pay interest at a rate of fifteen percent per annum from the due date of each monthly payment, plus the greater of either an additional computation of interest (calculated at the same fifteen percent per annum) or liquidated damages (calculated at the rate of twenty percent of the delinquent contributions), plus the attorneys' fees and costs incurred recovering the delinquent amounts.  Compl. ¶¶ 13–14; Stupar Decl. ¶ 5.

In violation of the Collective Bargaining Agreements, Defendant reported but failed to pay Plaintiff a total of $34,030.30 in contributions for work performed in the jurisdictions of Local 7, Ohio and Local, 5 Ohio during various months within the period of April 2019 to February 2022.  Mot. for Default J. at 8.  Further, Defendant failed to report and pay contributions to Plaintiff for work performed during various months between July 2020 to September 2022 in the jurisdictions of Local 5, Ohio and Local 7, Ohio.  Stupar Decl. ¶¶ 11, 13.

On January 7, 2022, Plaintiff commenced the present action against Defendant.  Mot. for Default J. at 2; *see also* Compl.  In addition to the unpaid contributions Plaintiff claims it is owed, Plaintiff also contends it is entitled to prejudgment interest of fifteen percent per annum from the due date of each unpaid monthly contribution, pursuant to Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), the Trust Agreement, and the Collection Procedures.  Mot. for Default J. at 9.  Next, Plaintiff argues it is also entitled to an award of the greater of either additional interest (calculated at the rate of fifteen percent per annum from the due date of each payment) or liquidated damages (calculated at the rate of twenty percent of the delinquent contributions), as well as reasonable attorneys' fees and costs, pursuant to ERISA, the Trust Agreement, and the Collection Procedures.  *Id.* at 10.  Finally, Plaintiff asks the Court to compel Defendant to submit outstanding remittance reports and any corresponding contributions for

3

work performed in Local 7, Ohio and Local 5, Ohio for a variety of months during the period of July 2020 to September 2022.  Stupar Decl. ¶¶ 11, 13.

On June 1, 2022, Defendant's statutory registered agent was served.  Mot. for Default J. at 2; *see also* Affidavit of Service, ECF No. 9.  After Defendant failed to respond to the Complaint by the deadline, Plaintiff filed a [11] Motion for Entry of Default Judgment on August 11, 2022, and the Clerk of Court entered default against Defendant on August 12, 2022.  *See* ECF No. 12.  On October 21, 2022, Plaintiff filed the pending Motion for Default Judgment, requesting that the Clerk enter judgment by default against Defendant in the amount of $58,177.33.  *See* Mot. for Default J. at 2.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) provides that the clerk of the court "must enter [a] party's default" when a "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a).  Once a default has been entered by the clerk, a court may enter a default judgment against that party pursuant to Rule 55(b).  *See* Fed. R. Civ. P. 55(b).  To warrant default judgment, the defendant "must be considered a 'totally unresponsive' party, and its default plainly willful, reflected by its failure to respond to the summons and complaint, the entry of default, or the motion for default judgment."  *Int'l Painters & Allied Trade Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (ESH) (quoting *Gutierrez v. Berg Contracting Inc.*, No. 99-3044 (TAF), 2000 WL 331721, at *1 (D.D.C. Mar. 20, 2000)).  Where there is a complete "absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense, it is clear that the standard for default judgment has been satisfied."  *Id.* (internal quotation marks and citation omitted); *see United States v. Bentley*,

756 F. Supp. 2d 1, 3 (D.D.C. 2010) (CKK) (same).  Then, the "determination of whether default judgment is appropriate is committed to the discretion of the trial court."  *Auxier Drywall, LLC*, 531 F. Supp. 2d at 57 (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

Upon entry of default by the clerk of the court, the "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint."  *Int'l Painters & Allied Trade Indus. Pension Fund v. R.W. Armine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002) (RMU) (citation omitted).  "Although the default establishes a defendant's liability, the court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain."  *Id.* (citing *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) (RMU)).  In ruling on such a motion, "the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment."  *Id.* (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).  The moving party is "entitled to all reasonable inferences from the evidence offered."  *Id.* (citation omitted).

### III. DISCUSSION

In the present case, the Clerk of the Court entered default against Defendant, and therefore the factual allegations in the Complaint are taken as true.  *See R.W. Amrine Drywall Co.*, 239 F. Supp. 2d at 30.  The Court finds that Plaintiff's Complaint sufficiently alleges facts to support its claim against Defendant.  Plaintiff is thus entitled to default judgment as to Defendant's liability for its failure to timely submit remittance reports and pay contributions to Plaintiff, as required under the terms of the Collective Bargaining Agreements.  Plaintiff seeks both monetary and equitable relief; the Court considers each request in turn below.

### A. Monetary Damages

Pursuant to Section 515 of ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. When an employer fails to make such contributions, ERISA provides that the fiduciary for a plan may bring an action and obtain a mandatory award for the plan consisting of:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of –
>     (i) interest on the unpaid contributions; or
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the Court under Subparagraph (a),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

*Id.* § 1132(g)(2). Interest is calculated using the rate provided under the plan, or, if none, the rate prescribed by 26 U.S.C. § 6621. *Id.*

Plaintiff has provided the Court with affidavits to support a damages award of $58,177.33. *See* Stupar Decl.; Decl. of Attorney's Fees. First, Plaintiff has sufficiently demonstrated that it is entitled to $34,030.30 in unpaid contributions for work performed during various months between April 2019 and February 2022. *See* Mot. for Default J. at 8. This includes $21,558.56 in contributions for work performed in the jurisdiction of Local 7, Ohio, and $12,471.74 in contributions for work performed in the jurisdiction of Local 5, Ohio. *Id.* The specific amount of contributions owed was determined based on the hours and contributions Defendant reported, but failed to pay, and was summarized by Plaintiff in calculation sheets included as exhibits to the Declaration of David F. Stupar. *See* Stupar Decl. Ex. 5–6.

In addition, Plaintiff has sufficiently demonstrated that it is entitled to $8,262.42 in prejudgment interest on unpaid contributions pursuant to Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), the Trust Agreement, and the Collection Procedures. *See* Mot. for Default J. at 9. This amount is based on an interest rate of fifteen percent per annum, as provided for in the Trust Agreement and the Collection Procedures, and is calculated from the due date of the unpaid contributions through October 6, 2022. Stupar Decl. ¶¶ 10, 12. This includes $4,312.52 in interest on reported but unpaid contributions for work performed in the jurisdiction of Local 7, Ohio, and $3,949.90 in interest on reported but unpaid contributions in the jurisdiction of Local 5, Ohio. *Id.*

Plaintiff has also demonstrated that it is entitled to $8,261.61 in additional interest on the unpaid contributions. *See* Mot. for Default J. at 10. Pursuant to Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C)(ii), the Trust Agreement, and the Collection Procedures, Plaintiff is entitled to an award of the greater of *either* additional interest (calculated at the rate of fifteen percent per annum from the due date of each payment) *or* liquidated damages (calculated at the rate of twenty percent of the delinquent contributions). Stupar Decl. ¶ 5. Plaintiff is owed $3,949.90 in additional interest for work performed in the jurisdiction of Local 5, Ohio, as that amount is greater than the liquidated damages.[2] Plaintiff also seeks $4,311.71 in liquidated damages for the work performed in Local 7, Ohio. *Id.* ¶ 10. Per the Court's calculations, the

---

[2] Defendant owes Plaintiff contributions in the amount of $12,471.74 for work performed in the jurisdiction of Local 5, Ohio, as noted above. Stupar Decl. ¶ 12. Additional interest, calculated as fifteen percent per annum on the unpaid contributions from the due date through October 6, 2022, equals $3,949.90, whereas liquidated damages, calculated as twenty percent of the delinquent contributions, equals $2,494.34. *Id.* Since Plaintiff is entitled to the greater of the two values, Plaintiff will be awarded additional interest totaling $3,949.90, in lieu of liquidated damages. *Id.*

amount of additional interest is greater than liquidated damages by eighty-one cents,[3] yet Plaintiff asks for the smaller amount of liquidated damages. *See id.*; Mot. for Default J. at 10. This appears to be done in error; however, in light of Plaintiff's request, and considering the small, almost negligible monetary difference between the two amounts, the Court will award Plaintiff the amount expressly sought in their Motion: $4,311.71 in liquidated damages for the work performed in Local 7, Ohio.

Finally, Plaintiff has adequately demonstrated it is entitled to $7,623.00 in attorneys' fees and costs, pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), the Trust Agreement, and the Collection Procedures. *See* Mot. for Default J. at 10. Plaintiff provided a [15-3] Declaration of Attorneys' Fees and Legal Costs demonstrating that its attorneys expended 20.4 hours on this action at an hourly rate of $320.00 through March 31, 2022, and at a rate of $330.00 from April 1, 2022 through the present, and incurred $402.00 in filing fees and $550.00 for service of process. Decl. of Attorney's Fees at 2. These hourly rates are significantly below the applicable $914.00 and $465.00 hourly rates established in the current *Laffey* matrix. *See id.* (citing *Salazar v. District of Columbia*, 123 F. Supp. 2d 8, 17 (D.D.C. 2000) (GK)). Therefore, the Court finds that these rates are reasonable for the services rendered and shall award the attorneys' fees and costs requested.

### B. Equitable Relief

Plaintiff also seeks equitable relief in the form of an order requiring Defendant to submit all outstanding reports and contributions to Plaintiff, pursuant to Section 502(g)(2)(E) of ERISA,

---

[3] Defendant owes Plaintiff $21,558.56 for work performed in the jurisdiction of Local 7, Ohio. Stupar Decl. ¶ 10. Additional interest, calculated as fifteen percent per annum on the delinquent contributions from the due date through October 6, 2022, equals $4,312.52, whereas liquidated damages, calculated as twenty percent of the delinquent contributions, equals $4,311.71. *See id.*

29 U.S.C. § 1132(g)(2)(E).  Mot. for Default J. at 12.  Per the Collective Bargaining Agreements, the Trust Agreement, and the Collection Procedures, Defendant is required to submit remittance reports and contributions to the Plaintiff on a monthly basis.  *See id.* at 13.  Defendant is aware of this obligation, as it has previously submitted remittance reports and contributions to Plaintiff.  *See* Stupar Decl. ¶ 9.  Accordingly, the Court finds that Plaintiff has demonstrated that it is entitled to the requested equitable relief under the terms of the relevant agreements.  The Court shall therefore order Defendant to submit remittance reports and any corresponding contributions for work performed in the jurisdiction of Local 7, Ohio during the months of July 2020 through July 2021 and March 2022 through September 2022, and in the jurisdiction of Local 5, Ohio during the months of March 2022 through September 2022.

## IV. CONCLUSION

For the reasons set forth above, the Court shall **GRANT** Plaintiffs' [15] Motion for Judgment by Default.  The Court shall award damages in the amount of $58,177.33, as well as order that Defendant provide Plaintiff with outstanding remittance reports and any corresponding contributions.  An appropriate Order accompanies this Memorandum Opinion.

　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　COLLEEN KOLLAR-KOTELLY
　　　　　　　　　　　　　　　　　　　　United States District Judge